IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

VANDELL GOMILLER, ET. AL.                                              PLAINTIFFS

VS.                                                                    No. 4:06CV33-D-B

AMANDA DEES, ET. AL.                                                   DEFENDANTS

OPINION GRANTING MOTIONS FOR SUMMARY JUDGMENT

Presently pending before the court are the Defendants' motions for summary judgment. Upon due consideration, the Court finds that the motions shall be granted.

*A. Factual Background*

The Plaintiffs originally filed this action on February 24, 2006. Plaintiff Romeshia Jenkins ("Romeshia") is a minor child and is a student in the Carroll County School System. Plaintiff Romeshia Jenkins is also of African-American descent. Plaintiffs Vandell Gomiller ("Gomiller") and Mary Jenkins ("Jenkins") are the parents of Romeshia and filed this lawsuit individually and as next friends of Romeshia. The Plaintiffs are seeking compensatory damages against the Carroll County School District and Amanda Dees in both her individual capacity and her official capacity as a teacher in the Carroll County School District.

On October 5, 2005, Romeshia Jenkins was a student in the fourth grade at Marshall Elementary School in the Carroll County School District. After her fourth period class, Romeshia was sent to deliver a note to Defendant Amanda Dees regarding her tardiness to Dees' class. Upon entering the classroom, Romeshia alleges that Defendant Dees stated that she "walked like a nigger, dressed like a nigger, and acted like a nigger" in front of a full class of fourth grade students. Romeshia alleges that she entered the room doing a "pimp walk," but did nothing further to elicit the alleged inflammatory remarks.

The Plaintiffs allege that these remarks were intended to humiliate, insult and ridicule Romeshia. The Plaintiffs made claims under Section 1983 and Title VI. The Plaintiffs allege that Amanda Dees committed an assault, violated Romeshia's Fourteenth Amendment right to Equal Protection, and caused intentional infliction of emotional distress. The Plaintiffs allege that the Carroll County School District is liable because it violated Romeshia's Equal Protection rights, created a hostile school environment, and is in violation of Title VI because it is a public institution that receives federal funding and Dees' action violated Title VI of the Civil Rights Act. The Plaintiffs further allege that the School District was too slow in taking corrective action.

Defendant Amanda Dees contends that she was a certified Elementary Education teacher and was employed to teach the fourth grade by the Carroll County School District. Defendant Dees contends that Romeshia Jenkins was a student of hers and had a tendency to "cut up" and bring attention to herself. Dees contends that when Romeshia walked into the room on October 5, 2005, she put her hands on her hips and performed the "pimp walk." Dees states that she told Romeshia "to stop doing that nigger walk and sit down." Dees claims she did not realize that she said the word "nigger" until the following morning. Upon discovering that fact, Dees went to every class, including one where Romeshia and her mother were present, and apologized for her remark.

Defendant Carroll County School District alleges that it was not notified of the remarks until the following day, October 6, 2005. Upon learning of the remarks, Marshall Elementary School Principal, Laura Curry, promptly contacted Amanda Dees. During a meeting with Curry and Mary Jenkins, Dees admitted to making the remark and later apologizing in front of three classes of fourth-graders. The School District immediately began an investigation into the incident on October 6, 2005. In accordance with school policy, Dees was suspended two days without pay and then, was subsequently suspended with pay pending an investigation and hearing before the Carroll County

School Board.  Before a hearing could be held, Amanda Dees submitted her resignation to the Carroll County School District on October 17, 2005.

Defendant Amanda Dees and Defendant Carroll County School District now move separately for this Court to enter summary judgment on their behalf.  Defendant Amanda Dees asserts that the Plaintiffs cannot maintain a Section 1983 action against her.  She states that one incident or one statement does not rise to the level of a cognizable claim under the Equal Protection Clause.  In addition, Dees argues that the Plaintiffs do not have a cognizable Title VI action against her because Title VI claims cannot be asserted against individuals.  Furthermore, Defendant Dees claims she is immune from any state law claim because she was acting in the course or scope of her employment.  Regardless of that fact, Dees states that her statement does not rise to the level of an assault.  Finally, Dees argues that the Plaintiffs failed to state a claim for intentional infliction of emotional distress because Romeshia failed to suffer any major physical trauma from the incident.

Defendant Carroll County School District's first grounds for summary judgment is that Plaintiffs Gomiller and Jenkins lack standing to assert claims against the school district under Title VI.  Defendant Carroll County School District further moves that one incident does not give rise to a claim under Title VI.  On those same grounds, the School District states that the Plaintiff cannot make a claim for a hostile school environment.  In addition, the School District argues that there is absolutely no evidence that the school district had an official policy, practice or procedure of discriminating on the basis of race.  Thus, the Plaintiffs' Section 1983 claims fail.  Finally, the Defendant Carroll County School District claims that the Plaintiffs have failed to meet the minimum burden in their state law claims.

The Court will consider both summary judgment motions in this one opinion.

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by "showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56 © mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Discussion*

Title VI

The Court notes that Plaintiffs Gomiller and Jenkins have conceded their claims under Title VI. However, they state that a genuine issue of material fact exists as to Romeshia Jenkins' Title VI claim against Amanda Dees and the Carroll County School District.

Title VI provides as follows:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000(d).

To state a claim for damages under Title VI, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved receives federal funding. Jackson v. Katy Indep. Sch. District, 951 F. Supp 1293, 1298 (S.D. Tex. 1996). Defendant Carroll County School District admits that it receives federal funding. However, the Carroll County School District denies that it engages in racial discrimination.

A. School District Defendant

The Supreme Court and the Fifth Circuit have held that a private right of action only exists under Title VI for violations involving intentional discrimination. Marvin H. v. Austin Indep. Sch. Dist., 714 F.2d 1348, 1357 (5th Cir. 1983) (*citing* Guardians Ass'n v. Civil Serv. Comm'n of City of New York, 463 U.S. 582, 607 n.27, 103 S. Ct. 3221 n. 27, 77 L. Ed. 2d 866 (1983)). In the more recent case of Alexander v. Sandoval, the Supreme Court stated, "What we said in Alexander v. Choate, 469 U.S. 287, 293, 105 S. Ct. 712, 83 L. Ed. 2d 661 (1985), is true today, 'Title VI itself directly reaches only instances of intentional discrimination.'" 532 U.S. 275, 281, 121 S. Ct. 1511, 1516, 149 L. Ed. 2d 517 (2001). Discriminatory intent may be proven (among other ways) by departures from procedural norms, a history of discrimination against others similarly situated, or by circumstantial evidence, such as a pattern of conduct inexplicable on grounds other than race. Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66, 97 S. Ct. 555, 563-64, 50 L. Ed. 2d 450 (1977).

After a review of the Complaint and the Plaintiffs' brief, the Court finds the record

completely devoid of any evidence of intentional discrimination. First, the Plaintiffs' have failed to cite any other evidence of racial discrimination besides Amanda Dees' remark. Second, without other action by the school or Amanda Dees in furtherance of that remark, the Court finds no intentional discrimination. Therefore, the Court finds that the Plaintiffs' Title VI claim against Defendant Carroll County School District is without merit. Thus, the Court will grant judgment as a matter of law in favor of the Carroll County School District.

B. Individual Defendant

Defendant Amanda Dees argues that, as an individual who "does not receive any federal financial funds or programs," she cannot be sued in her individual capacity. While the Fifth Circuit has not addressed this argument, both the Eleventh Circuit and the Sixth Circuit, along with numerous district courts have concluded that an individual is not liable under Title VI. Shotz v. City of Plantation, 344 F.3d 1161, 1170 (11th Cir. 2003). See e.g., Buchanan v. City of Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996); Folkes v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech., 214 F. Supp. 2d 273, 292 (E.D.N.Y. 2002); Steel v. Alma Pub. Sch. Dist., 162 F. Supp. 2d 1083, 1085 (W.D. Ark. 2001); Powers v. CSX Transp., Inc., 105 F. Supp. 2d 1295, 1311-12 (S.D. Ala. 2000); Wright v. Butts, 953 F. Supp. 1343, 1350 (M.D. Ala. 1996); Jackson v. Katy Indep. Sch. Dist., 951 F. Supp. at 1298. The Eleventh Circuit has stated that "We construe Title VI and IX *in pari materia* because Title IX was modeled after Title VI, which is parallel to Title IX except it prohibits race discrimination, not sex discrimination, and applies to all programs receiving federal funding, not only in educational programs." Jackson v. Birmingham Bd. of Education, 309 F.3d 1333, 1339 (11th Cir. 2002) (*citing* Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 286, 118 S. Ct. 1989, 1997, 141 L. Ed. 2d 277 (1998)). In light of the foregoing, the Court finds that individual liability does not lie in Title VI. Therefore, the Court will dismiss the Plaintiffs' Title VI claims against Amanda

Dees.

2. Hostile Educational Environment

The Department of Education is the agency charged by Congress with enforcing Title VI. As such, its interpretation is entitled to a high degree of deference by the courts so long as it does not conflict with a clearly expressed congressional intent and it is reasonable. Chevron v. Natural Resources Defense Council, 467 U.S. 837, 844-45, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984). According to the Department of Education, a school district violates Title VI when: (1) there is a racially hostile environment; (2) the district had notice of the problem; and (3) the district failed to respond adequately to redress the racially hostile environment. *Racial Incidents and Harassment Against Students at Educational Institutions; Investigative Guidance*, 59 Fed. Reg. 11448, 11449 (March 10, 1994). A racially hostile environment is one in which racial harassment is "severe, pervasive or persistent so as to interfere with or limit the ability of an individual to participate in or benefit from the services, activities or privileges by the recipient." Id. at 11449. A school district must have actual or constructive notice of the racial harassment. 59 Fed. Reg 11450-51. Once on notice of a problem, a school district "has a legal duty to take reasonable steps to eliminate a racially hostile environment. Id. at 11450. When a district is "deliberately indifferent" to its students' right to a learning environment free of racial hostility and discrimination, it is liable for damages under Title VI. Gebser, 524 U.S. 274, 118 S. Ct. 1989, 141 L. Ed. 2d 277; City of Canton v. Harris, 489 U.S. 378, 388-92, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

After a careful review, the Court finds that the Plaintiffs have failed to offer any semblance of proof as to this claim. First, the Court finds that one comment by a teacher does not create a racially hostile environment. The comment made by Dees, while abhorrent, is not pervasive or persistent. Second, the school district was on notice a day after the event. The school district

became on notice because of Dees' apology. Finally, the school district took immediate steps to investigate and eliminate the racially hostile environment. Therefore, the Court finds that no genuine issue of material fact exist as to this claim. Thus, the Defendants are granted judgment as a matter of law.

3. Section 1983

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim under Section 1983 the Plaintiff must (1) allege he has been deprived of a right secured by the United States Constitution or the laws of the United States; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. Cornish v. Correctional Services Corp., 402 F.3d 545, 549 (5th Cir. 2005). The Plaintiffs have alleged a violation of their Fourteenth Amendment right to equal protection under the law. The Plaintiffs allege that Defendant Amanda Dees violated that right while acting under color of state law.

    A. Equal Protection

To state a claim for racial discrimination under the Equal Protection clause, the plaintiff " must allege and prove that he received treatment different from that received by similarly situation individuals and that the unequal treatment stemmed from a discriminatory intent." Priester v. Lowndes County, 354 F. 3d 414, 424 (5th Cir. 2004) (*quoting* Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001)). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." Id. The Fifth Circuit has held that the use of

a racial epithet without harassment or other conduct depriving the victim of his established rights does not violate the equal protection clause of the Fourteenth Amendment. Priester, 354 F.3d at 424; Williams v. Bramer, 180 F.3d 699, 706, *clarified*, 186 F.3d 633 (5th Cir. 1999) ("Where the conduct at issue consists solely of speech, there is no equal protection violation."). Assuming Dees used a racial epithet, which she admitted to, the Plaintiffs must also provide further evidence of where school officials participated in actions that deprived Jenkins of her constitutional rights to overcome summary judgment. Priester, 354 F.3d at 424.

The Court notes that the Plaintiffs' Complaint and response to the Defendants' summary judgment motions lacks any evidence showing further racial animus towards Jenkins. There is no evidence of any actions, lack of action or any other evidence except this one racial slur. Thus, the Court finds that the Plaintiffs have not proven that Romeshia Jenkins' constitutional rights were violated. Without evidence in addition to the racial epithet, the Plaintiffs have failed to come forward with a sufficient claim from which a reasonable juror could infer racial animus by a state official. Thus, the Plaintiffs' equal protection claim is denied. Defendant Carroll County School District and Defendant Amanda Dees, in both her official and individual capacities, are granted judgment as a matter of law.

B. Municipal Liability

Municipal liability under section 1983 requires proof of (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). The text of section 1983 precludes municipal liability predicated on respondeat superior. Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). Similarly, liability may not be imposed upon School Districts under theories of

vicarious liability or respondeat superior. Doe v. Beaumont Indep. Sch. Dist., 8 F. Supp. 2d 596, 607 (E.D. Tex. 1998) (*citing* Collins v. City of Harker Heights, 503 U.S 115, 123, 112 S. Ct. 1061, 1066, 117 L. Ed. 2d 261 (1992)). Thus, the unconstitutional conduct must be directly attributable to the municipality by some sort of official action. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), *cert. denied,* 534 U.S. 820, 122 S. Ct. 53, 151 L. Ed. 2d 23 (2001). Isolated incidents of unconstitutional actions by municipal employees will almost never trigger municipal liability. Id. Bennett v. City of Slidell, 728 F. 2d 762, 768 n. 3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016, 105 S. Ct. 3476, 87 L. Ed. 2d 612 (1985). "Instead, a plaintiff must show the existence of a policy or custom attributable to the School District which was the "moving force" behind the deprivation of constitutional rights." Doe, 8 F. Supp. 2d at 607 (*citing* Gonzalez v. Ysleta Indep. Sch. Dist., 996 F.2d 745, 753-54 (5th Cir. 1993)).

Municipal liability for section 1983 violations results if a deprivation of constitutional rights was inflicted pursuant to an official policy or custom. Piotrowski v. City of Houston, 237 F.3d at 579. Official policy is normally found in promulgated policy statements, ordinances or regulations. Id. But, an official policy may also be evidenced by a custom. Id. A custom is " a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy..." Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984); see also Bryan County, 520 U.S. at 405-07, 117 S. Ct. at 1387.

Here, the Plaintiffs cannot maintain a theory of municipal liability. The Plaintiffs have failed to identify an official policy-maker, which is a criterion for 1983 liability. See Jett v. Dallas Independent School District, 491 U.S. 701, 737, 109 S. Ct. 2702, 2724, 105 L. Ed. 2d 598 (1989). In addition, the Plaintiffs have failed to identify an official policy, practice or custom. See Webster

v. City of Houston, 735 F. 2d 838 (5th Cir. 1984) (en banc). As such, the Plaintiffs' section 1983 claim fails under Monell. Therefore, there is no genuine issue of material fact and the Defendants are entitled to judgment as a matter of law.

4. Intentional Infliction of Emotional Distress

A claim of intentional infliction of emotional distress requires "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless behavior on the part of a defendant." Morris v. Ford Motor Co., 936 So. 2d 432, 437 (Miss. Ct. App. 2006). In Mississippi, the standard for the tort of intentional infliction of emotional distress is very high, and focuses on the defendant's conduct, not the Plaintiff's emotional state. Funderburk v. Johnson, 935 So. 2d 1084, 1099-1100 (Miss. Ct. App. 2006) (*citing* Jenkins v. City of Grenada, 813 F. Supp. 443, 446 (N.D. Miss. 1993)). A Plaintiff must prove that the defendant's conduct was extreme and outrageous, going beyond all possible bounds of decency. Brown v. Inter-City Fed. Bank for Sav., 738 So. 2d 262, 264 (Miss. Ct. App. 1999). Liability for intentional infliction of emotional distress does not lie for "mere insults, indignities, threats, annoyances or petty oppressions." Raiola v. Chevron U.S.A., Inc., 872 So. 2d 79, 85 (Miss. Ct. App. 2004). The Mississippi Supreme Court has held that loss of sleep, worry and a state of emotional upset are not sufficient to support a claim of emotional distress. See Adams v. U.S. Homecrafters, Inc., 744 So. 2d 736, 743-44 (Miss. 1999); Morrison v. Means, 680 So. 2d 803, 806 (Miss. 1996); Strickland v. Rossini, 589 So. 2d 1268, 1275-76 (Miss. 1991).

In the case *sub judice*, the Plaintiffs' only proof of their emotional distress claims come from depositions. Romeshia Jenkins testified that she had two nightmares and headaches after the Dees' incident. However, those headaches occurred some two weeks after the incident. In addition, Romeshia did not miss school and she admitted that she had forgiven Dees when Dees apologized to the class. This pithy evidence does not come close to the standard for making a claim for

intentional infliction of emotional distress. As such, the Court finds that there are no issues of genuine material fact and the Defendants are granted judgment as a matter of law on this claim.

5. Assault

An assault occurs when a person "(1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such an imminent apprehension. Whitten v. Cox, 799 So. 2d 1, 9 (Miss. 2000) (*citing* Webb v. Jackson, 583 So. 2d 1037, 1043 (Miss. 1991)). "Mere words, however provoking or insulting, do not constitute an assault without actual offer of physical violence." Nowell v. Henry, 12 So. 2d 540, 541 (Miss. 1943).

In the case *sub judice*, the Plaintiffs have not alleged that Dees ever physically touched Romeshia Jenkins. In addition, in her deposition, Mary Jenkins specifically stated that Dees did not physically harm Romeshia. Furthermore, the Plaintiffs have failed to allege that Dees' remarks placed Romeshia in fear of imminent apprehension of physical contact. As such, this claim is without merit and the Court shall grant judgment as a matter of law to the Defendant Amanda Dees.

## D. Conclusion

After a thorough review of the parties briefs, the Court is of the opinion that there are no genuine issues of material fact present to submit this case to a jury. The Court finds that the Plaintiffs failed to allege any intentional discrimination by the Carroll County School District. In addition, the Court finds that an individual defendant is not liable under Title VI. The Court further finds that the Plaintiffs failed to allege a sufficient claim for a hostile educational environment. As to the Plaintiffs' 1983 claims, the Court finds that the Plaintiffs failed to allege a viable claim for deprivation of constitutional rights. In addition, the Plaintiffs failed to allege a policy, practice or custom on behalf of the Carroll County School District. Finally, the Court finds that the Plaintiffs

failed to overcome summary judgment on their state law claims for assault and intentional infliction of emotional distress. As such, the Court finds that no genuine issues of material fact exist and the Defendant shall be granted judgment as a matter of law on all of Plaintiffs' claims.

A separate order in accordance with this opinion shall issue this day.

This the 28th day of March 2007.


/s/ Glen H. Davidson
Chief Judge